KLIGER v. ROSENFELD et al. (two cases).

(Supreme Court, Appellate Division, First Department. May 19, 1911.)

1. Costs (§ 134*)—Security for Payment—Additional Security—Grounds.

A nonresident partner sued for dissolution of the partnership. Interlocutory judgment was rendered for him, his costs being ordered taxed before final judgment, and an accounting was ordered with the defendant as receiver. Much litigation followed, and a large amount of costs resulted. On bringing the action, the plaintiff gave statutory security for costs, and later was required to give additional security. Defendant moved for further security, on the ground that one of the sureties on the former bond has become of doubtful solvency. The only report made charged the defendant with a large sum of money, though this was set aside for errors in the reception of evidence. Held that, under these circumstances, the defendant was not entitled to require the plaintiff to give further security for costs.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 518–528; Dec. Dig. § 134.*]

2. Costs (§ 137*)—Security for Payment—Additional Security—Failure to Give—Effect.

Under Code Civ. Proc. § 3277, providing that, when plaintiff fails to comply with an order made as to security for costs, the defendant is en-

titled to an order dismissing the complaint and in his favor for costs, the penalty of dismissal can be applied only when the default is prior to judgment, and after an interlocutory judgment for the plaintiff an order for additional security for costs can be enforced only by a stay of proceedings.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 537–548; Dec. Dig. § 137.*]

Appeal from Special Term, New York County.

Action by Max Kliger against Samuel Rosenfeld and another. From an order directing plaintiff to furnish additional security for costs, and from an order granting a motion for the dismissal of his complaint, plaintiff appeals. Both orders reversed.

See, also, 140 App. Div. 908, 127 N. Y. Supp. 1128.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, MIL-LER, and DOWLING, JJ.

Louis H. Levin, for appellant.

Lewis Johnston, for respondents.

SCOTT, J. [1] The plaintiff appeals from two orders, which are so related that they may, conveniently, be considered together. The first order requires the plaintiff to give additional security for costs, and the second dismisses his complaint for failure to give such additional security.

The action is one for the dissolution of a copartnership, with an incidental receivership and accounting. The answer asserted that the copartnership had already been dissolved, and that there had been an accounting. The cause came on for trial at Special Term, and an interlocutory judgment was entered in plaintiff's favor, the partnership dissolved, and the plaintiff's costs and disbursements were ordered to be taxed upon entering final judgment. An accounting was ordered before a referee appointed for that purpose, and the defendant Rosenfeld was appointed receiver of the copartnership assets. Much litigation followed between the parties, not only over the partnership accounts, but also in an intermediate involuntary accounting by the receiver; the expenses incurred by each party apparently greatly exceeding any probable amount of copartnership assets. It would serve no useful purpose to recount this litigation in detail.

The plaintiff is a nonresident, and at the outset gave statutory security for costs. Later he was required to give additional security to the amount of $750. The order now appealed from requires him to still further security, which is asked for on the ground that one of the sureties on the former bond has become of doubtful solvency, and that the costs, which the defendant confidently assumes will be awarded to him, have reached a large sum. It is difficult to perceive upon what defendant rests his supreme confidence that costs must ultimately be awarded to him. The interlocutory decree went against him, and awarded costs to plaintiff (section 1231, Code Civ. Proc.), and the only report that has yet been made charged the defendant receiver with a large sum of money, and although that report was

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

set aside for errors in the reception of evidence, it by no means follows that the receiver was chargeable with nothing. And even if respondent should hereafter, by any means, be awarded costs against plaintiff, it is not certain that they will be nearly so large as he now claims. On the whole, we think that the respondent failed to make out a proper case for the requirement that plaintiff should give further security for costs.

[2] This conclusion, of course, necessitates the reversal of the second order .dismissing the complaint for failure to give additional security. That order, however, could not stand, even if the order for additional security were to be affirmed. It was made under authority of section 3277, Code Civ. Proc., which provides that:

"When the plaintiff fails to comply with an order made as prescribed in this title, or to procure the allowance of an undertaking given pursuant to such an order, the defendant is entitled to an order dismissing the complaint, and in his favor for costs."

This section cannot, in the nature of things, be applied to a case like the present, when an interlocutory judgment has been made determining the issues in the action and settling the rights of the parties. The penalty of dismissal can only be applied when the default is made prior to judgment. After that the order can be enforced only by a stay of proceedings. Gifford v. Rising, 14 Civ. Proc. R. (N. Y.) 174.

Both of the orders appealed from must be reversed, and both motions denied, with $10 costs and disbursements of the appeal, and $10 costs of motion as to each. All concur.